IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEOCADIO MEDINA BORREGO,<br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of the Social<br>Security Administration,<br>Defendant. | )<br>)<br>)<br>) No. 3:13-CV-939-N (BF)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge Paul D. Stickney. Before the Court for consideration is Defendant Carolyn W. Colvin's (the "Commissioner") Motion to Reverse and Remand (doc. 17, "Motion to Remand"), filed on June 18, 2013. Because this motion has merit and is unopposed, the Court recommends that the District Court **GRANT** the Motion to Remand.

**Background**

Plaintiff Leocadio Medina Borrego ("Plaintiff") filed this action seeking judicial review of the Commissioner's decision denying his applications for Title II and Title XVI benefits under 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A) of the Social Security Act. Plaintiff filed his brief in support of his appeal of the Commissioner's decision on May 14, 2013 (doc. 14). The Commissioner, in turn, filed a Motion to Remand, which is now pending before the Court. In the motion, the Commissioner avers that remand is appropriate and requests this Court to remand the case pursuant to the fourth sentence of 42 U.S.C. § 405(g).

The fourth sentence of Section 405(g) provides: "[t]he court shall have power to enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). The Commissioner filed a certified copy of the administrative record and Plaintiff filed his pleadings in support of his appeal. After considering the Motion to Remand, the pleadings and the record, and the applicable law, the Court finds that the above-entitled matter should be reversed and remanded pursuant to the fourth sentence of Section 405(g).

**Recommendation**

This Court recommends that the Motion to Remand should be **GRANTED** and the Commissioner's decision should be **REVERSED** and **REMANDED** for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

The Court further recommends that upon remand, the Administrative Law Judge should be instructed to: (1) provide Plaintiff with an opportunity to submit additional evidence; (2) re-evaluate Plaintiff's mental impairments pursuant to the special technique in 20 C.F.R. §§ 404.1520a and 416.920a; (3) if warranted and available, obtain medical expert testimony regarding the nature and severity of Plaintiff's impairments; (4) reconsider Plaintiff's residual functional capacity and in so doing, further evaluate the opinion evidence from the examining and non-examining sources and articulate the weight given to these opinions in compliance with the proper legal standards; (5) obtain supplemental vocational expert testimony based on a hypothetical question that includes all the physical and mental limitations provided in the ALJ's residual functional capacity finding; (6) obtain supplemental vocational expert testimony regarding whether there are a significant number of jobs in the national economy that Plaintiff can perform; (7) give Plaintiff the opportunity for a new hearing; and (8) issue a new decision.

**SO RECOMMENDED**, July 2, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).